**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JACK LEMKIN,**

      **Plaintiff,**

      v.

**HAHN, LOESER & PARKS,** *et al.,*

      **Defendants.**

**CASE NO.:  2:10-CV-665**
**JUDGE GEORGE C. SMITH**
**MAGISTRATE JUDGE ABEL**

### OPINION AND ORDER

This matter is before the Court on Defendant Hahn, Loeser & Parks' Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. No. 6), renewed and reincorporated in Document No. 23.  Plaintiff Jack Lemkin filed a response (Doc. No. 24), and this matter is now ripe for review.  For the reasons that follow, Defendant's Motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff Jack Lemkin brings this action *pro se* against Defendants Hahn, Loeser & Parks ("HLP"), Craig Miller, and Mark Watkins for negligent misrepresentation, fraud, and gross and willful misconduct.  (*See* Am. Compl., Doc. No. 22).  According to the Amended Complaint, Defendants Craig Miller and Mark Watkins were once attorneys at Oldham & Oldham, LPA ("O&O"), an Akron law firm which represented clients in matters concerning intellectual property and patent law.  Plaintiff claims that on April 8, 1999, Defendant Miller filed a "Provisional Patent" for an adjustable-height pet feeder with the U.S. Patent and Trademark Office.  Allegedly submitted along with the "Provisional Patent" were eight drawings which

Defendants Miller and Watkins represented were created by Steven Tsengas. However, Plaintiff maintains that he authored seven of those drawings and that he brought this to the attention of Defendant Miller and O&O. Plaintiff claims that although O&O fired Defendant Miller, the "Provisional Patent" was never corrected, even after O&O transferred its clients and files to Defendant HLP in September 2001.

Plaintiff first filed suit against Defendants HLP, Miller, and Watkins in state court alleging negligent misrepresentation and fraud. *Lemkin v. Hahn Loeser & Parks, LLP*, No. 05CV02-2256 (Ohio Franklin Cty. C.P. filed Feb. 2005). There, Plaintiff argued that HLP was the successor in interest to O&O, and therefore, HLP was liable for the misconduct of O&O's former employees Miller and Watkins. The state court granted summary judgment in favor of HLP, holding that under Ohio law, HLP had no successor liability. (The state court's decision is attached as Ex. 2 to HLP's Memorandum, doc. no. 54).

Later, the state court dismissed the remaining claims against Defendants Miller and Watkins for lack of subject-matter jurisdiction, finding that the remaining claims were claims arising under patent law, the exclusive province of federal court. That dismissal was affirmed by the Ohio Tenth District Court of Appeals in *Lemkin v. Hahn Loeser & Parks, LLP*, No. 09AP-1051, 2010 WL 1881962, 2010-Ohio-2074 (Ohio Ct. App. May 11, 2010).

On July 27, 2010, Plaintiff filed the action now before this Court against Defendants Miller and Watkins—as well as against HLP on a direct liability theory. HLP raises the affirmative defense of res judicata in its Motion. HLP argues that the state court's summary judgment order bars the claims now asserted against HLP because those claims are premised on the same transaction or occurrence which gave rise to the case before the state court. Concerned that the state court decision may not have preclusive effect on the basis that the state court may

2

have lacked subject matter jurisdiction at the time it rendered its summary-judgment decision in favor of HLP, this Court ordered HLP to show cause why its Motion should not be denied for failing to identify a judgment issued by a court of competent jurisdiction. (Show Cause Order, Doc. No. 52). HLP responded with its Memorandum to Show Cause (Doc. No. 54), to which Plaintiff did not file a response.

## II. APPLICABLE LAW

### A. Patent Law and Exclusive Jurisdiction

Article III of the Constitution gives Congress the exclusive power to define the subject-matter jurisdiction of the lower federal courts. *Prim ax Recoveries, Inc. v. Gunter,* 433 F.3d 515, 517 (6th Cir. 2006). The United States Code provides that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases." 28 U.S.C. § 1338.

Section 1338 jurisdiction extends over cases in which a well-pleaded complaint[1] establishes either of the following: "federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) (internal ellipsis and quotation marks omitted)). Notably, though, the Sixth Circuit has noted that "only inventorship, the

---

[1] Under the well-pleaded complaint rule, "whether a claim arises under patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 811 (1988) (internal quotation marks and citations omitted).

3

question of who actually invented the subject matter claimed in a patent, is a question of federal patent law." *E.I. DuPont de Nemours & Co. v. Okuley*, 344 F.3d 578, 528 (6th Cir. 2003).

B.     **Res Judicata and a Court of Competent Jurisdiction**

"Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). As the judgment at issue here—the state court's order granting summary judgment in favor of HLP—was rendered by an Ohio state court, the Ohio law of res judicata applies. "In Ohio, the doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *State ex rel. Davis v. Pub. Emp. Ret. Bd.,* 120 Ohio St.3d 386 (Ohio 2008) (citation and quotation marks omitted). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (Ohio 1995) (expressly adopting Restatement (Second) of Judgments (1982) §§ 24 – 25).

### III.     DISCUSSION

A.     **Did the state court have subject matter jurisdiction?**

Res judicata "presupposes a judgment entered by a court of competent jurisdiction." *State ex rel. Rose v. Ohio Dep't of Rehab. & Corr.*, 91 Ohio St.3d 453 (Ohio 2001). If that judgment upon a cause of action was rendered by a court without subject matter jurisdiction, "a federal court must determine whether to give claim preclusive effect to [that] state court judgment . . . by determining whether the state court would give preclusive effect to such a

judgment." *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990) (citing *Marrese v. American Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 382 (1985)). In *Gargallo*, the appellee originally filed a collection suit in state court, and the appellant counterclaimed under federal securities laws. The state court dismissed appellant's counterclaims with prejudice for appellant's failure to comply with the court's discovery orders. Later, appellant filed suit against appellee in federal court. The district court dismissed on res judicata grounds because the "issues, facts and evidence" to sustain that action were "identical" to the counterclaims asserted and dismissed with prejudice in state court.

On appeal, the Sixth Circuit faced the issue of whether a district court "may give claim preclusive effect to an Ohio judgment regarding federal securities laws that are within the exclusive jurisdiction of the federal courts" under 15 U.S.C. § 78aa. The Court noted first that a federal court must determine "whether the state court would give preclusive effect to such a judgment" rendered by a court without subject matter jurisdiction, and it determined that Ohio would not give such preclusive effect. *Id.* at 663 (citing *Marrese,* 470 U.S. at 382. The Court then concluded that since the state court lacked subject matter jurisdiction "to resolve the claims brought under federal securities laws, a body of statutes and regulations over which the federal courts have exclusive jurisdiction," it was error to give preclusive effect to that state-court judgment. *Id.* at 664.

In its Show Cause Order, this Court, relying on *Gargallo*, expressed concern that the state court's grant of summary judgment would not have preclusive effect, as that court subsequently dismissed Plaintiff's claims for lack of subject matter jurisdiction over patent law claims. Having raised this issue *sua sponte*, this Court provided HLP with an opportunity to address this concern, which HLP did in its responsive Memorandum. (Doc. No. 54).

5

HLP distinguishes *Gargallo* by pointing out that the state court's grant of summary judgment in favor of HLP was a decision rendered on purely state-law grounds, specifically successor liability under Ohio law, as opposed to the *Gargallo* counterclaim, which was based on federal securities laws. (HLP Memo. at 3). Plaintiff's cause of action against HLP did not arise out of patent law; rather, it was a state-law-based claim of successor liability over which the state court had jurisdiction. Defendant HLP asserts, and the Court agrees with the following:

> In finding that HLP was in fact entitled to summary judgment, the State Court never had to resolve or even consider *any* questions of patent law . . . . The claims were not created by federal patent law, but by HLP's execution of an Asset Purchase Agreement with [O&O], which [Plaintiff] believed made HLP liable for [O&O's] actions as a successor.

(HLP Memo. at 4). In his state complaint, Plaintiff alleged all facts relevant to his claims only against Defendants Miller and Watkins, with HLP characterized in paragraph 3 as the "successor [in] interest" to Miller and Watkins' former law firm. (Ex. 1 to HLP's Memo.). Therefore, Plaintiff's claim against HLP was "merely incidental" to the patent issues raised by Plaintiff. (HLP Memo. at 4).

In *Boggild v. Kenner Products*, the Sixth Circuit noted the distinction between " a patent *claim* which arises under federal statutes relating to patents and which requires the court to interpret the validity and scope of a particular patent within section 1338, and a contract claim in which patent *issues* are merely incidentally implicated." 853 F.2d 465, 468 (6th Cir. 1988). There, a defendant's counterclaim challenged the validity of the plaintiff's licensing agreement, alleging "that the terms of the contract, requiring the payment of royalties beyond the existence of the patents, were unenforceable after the patents had expired". *Id.* at 468. The Court determined that the counterclaim "did not implicate the validity or scope of the patents" at issue and, therefore, the

6

counterclaim did not arise out of patent law but, instead, was a matter of contract interpretation. *Id.* "The general rule is that where an action is brought to enforce, set aside, or annul a contract, the action arises out of the contract, and not under the patent laws, even though the contract concerns a patent right." *Combs v. Plough, Inc.*, 681 F.2d 469, 470 (6th Cir. 1982) (per curiam).

Here, too, the same logic applies. While Plaintiff's claims against Defendants Miller and Watkins clearly implicate the validity of the patents and Plaintiff's putative role as inventor, his claims against HLP arise out of the contract between O&O and HLP and implicate the issues of whether HLP was O&O's successor in interest. This contract and any attendant liabilities were the only issues examined and ruled upon by the state court. In that decision, the state court held as follows:

> It is clear that the malpractice action against [Defendants Miller and Watkins] arose prior to the September 1, 2001 Closing Date as set forth in the [Asset Purchase] Agreement, and therefore pursuant to Section 3(b) of the Agreement, Hahn Loeser is not responsible for the claim. . . . Applying the [successor liability] factors set forth in *Welco Indus., Inc. v. Applied Co.* (1993), 67 Ohio St.3d 344, 349, the Court finds that there is no evidence to show that Hahn Loeser entered into a merger with [O&O].

(Ex. 2 to HLP Memo., p. 7). The state court concluded that HLP was not a successor in interest to O&O and, therefore, was not liable for any actions of Defendants Miller and Watkins. On this basis, the state court granted summary judgment in favor of HLP. (*See* Ex. 2 at p. 8).

This Court is convinced that the state court had subject matter jurisdiction to determine whether, under Ohio law, HLP was O&O's successor in interest. As a result, the state court's grant of summary judgment in favor of HLP is a judgment issued by a court of competent jurisdiction. Now the Court turns its analysis to whether, as a matter of law, HLP's affirmative defense of res judicata is meritorious.

**B.     Does the state court's judgment have preclusive effect?**

The obvious purpose of res judicata is to conserve judicial resources and to protect parties from the cost of litigating and relitigating the same matters in various forums. *See Allen v. McCurry*, 449 U.S. 90 (1980). As noted *supra*, "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) (citing 28 U.S.C. § 1738). An Ohio state court granted summary judgment in favor of HLP, so the Ohio law of res judicata applies. Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 653 N.E.2d 226, 229, 73 Ohio St.3d 379 (1995) (expressly adopting Restatement (Second) of Judgments (1982) §§ 24 – 25). "It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit." *Id.* at 229 (quoting *Nat'l Amusements, Inc. v. Springdale*, 558 N.E.2d 1178, 53 Ohio St.3d 60 (1991), cert. denied, 498 U.S. 1120 (1991) and *Rogers v. Whitehall*, 494 N.E.2d 1387, 25 Ohio St.3d 67 (1986)) (internal quotation marks omitted) (emphasis in original).

In Ohio, a party seeking to invoke the doctrine of res judicata must prove four elements: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties or their privies as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action. *In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999) (construing Ohio law).

Applying this test, the Court finds that Plaintiff's claims against HLP, under a direct liability theory, could have been raised in the previous state court action. The application of each of the aforementioned factors is as follows:

(1) As examined *supra*, the state court's grant of summary judgment in favor of HLP on the issue of successor liability was a prior, final judgment of a court of competent jurisdiction. In addition, that grant of summary judgment is a decision on the merits. *See Estate of Snell v. Kilburn*, 846 N.E.2d 572, 580-81, 165 Ohio App.3d 352 (Ohio Ct. App. 2005) and *Pavlovich v. Nat'l City Bank*, 461 F.3d 832, 835 (6th Cir. 2006).

(2) Plaintiff has added no new defendants to the federal action; therefore, the parties are the same as in the state action. In this action, the Defendants are HLP, Craig Miller, and Mark Watkins. In the state action, the Defendants were HLP, Craig Miller, and Mark Watkins. So, too, in both actions Plaintiff is the only plaintiff.

(3) The state court found that HLP was not liable under a successor liability theory, and that court could have decided whether HLP was liable under a direct liability theory had Plaintiff brought that claim at that time. Therefore, Plaintiff's claim against HLP on a direct liability theory could have been brought against HLP in the earlier state action.

(4) The instant action arose out of the same actions or transactions that were the subject of the earlier action; in fact, the two actions are nearly identical. Both complaints present the same issue of whether Defendants Miller and Watkins improperly credited someone else for Plaintiff's work on two patents. More specifically, both Complaints present the same issue of whether HLP can be held liable for Defendants Miller and Watkins's actions related to the patents and the applications to the U.S. Patent and Trademark Office.

Based on the application of the four res judicata factors to this case, the Court finds that res judicata is applicable and, therefore, Plaintiff's claims in this case asserted against HLP are hereby dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Hahn Loeser & Parks' Motion to Dismiss, or In the alternative, for Summary Judgment (Doc. 23) is hereby **GRANTED**.  Plaintiff Jack Lemkin's claims against Hahn Loeser & Parks **only** are dismissed with prejudice.  Defendant Hahn, Loeser & Parks shall be terminated as a party to this action, but Plaintiff's claims against Defendants Miller and Watkins remain pending.

The Clerk shall remove Documents 15, 23 and 54 from the Court's pending motions list.

The Clerk shall also remove Document 49 as this Court has previously ruled on the Motion to Compel (see Doc. 53), and has also previously addressed the Motion to Stay.  Further, in preparing this Order on Defendant's Motion to Dismiss, the Court found it to be ripe for decision and no basis for a stay in issuing a decision on the Motion as requested by Plaintiff in Document 49.  Accordingly, Plaintiff's Motion is now **MOOT**.

**IT IS SO ORDERED.**

>  */s/ George C. Smith*_____
>  **GEORGE C. SMITH, JUDGE**
>  **UNITED STATES DISTRICT COURT**