IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jack Lemkin,                                              :

               Plaintiff          :          Case No. 2:10-cv-00665

  v.                                                   :          Judge Smith

Hahn, Loeser & Parks, *et al.*,          :          Magistrate Judge Abel

           Defendants          :

                                                  :

# ORDER

This matter is before the Magistrate Judge on plaintiff Jack Lemkin's August 24, 2011 motion to compel or, in the alternative, review documents in camera (doc. 66). Plaintiff seeks several documents that he maintains were improperly withheld from him.

<u>Judy and Gary Taylor's May 16, 2000 letter to Craig Miller and Dr. Steven Tsengas's December 28, 2000 email messages to Mark Watkins</u>. Defendant maintains that the May 16, 2000 letter from Judy and Gary Taylor summarized an earlier conversation and provided instructions regarding a matter in which Oldham & Oldham was representing them. Similarly, defendants contend that the December 28, 2000 email messages from Dr. Tsengas to Watkins related to legal advice provided by Oldham & Oldham to Dr. Tsengas and OurPet's Company. The email messages discussed legal strategies and instructed Oldham & Oldham to perform certain legal services on behalf

of Dr. Tsengas and OurPet's Company.  Defendant argues that Lemkin should not be permitted to obtain the client correspondences because they are protected from discovery by attorney-client privilege.

The elements of attorney-client privilege are:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Fausek v. White,* 965 F.2d 126, 129 (6th Cir. 1992)(citing *United States v. Goldfarb,* 328 F.2d 280, 281 (6th Cir. 1964)).

*Reed v. Baxter,* 134 F.3d 351, 355-56 (6th Cir. 1998). *See, Guy v. United Healthcare Corp.,* 154 F.R.D. 172, 177 (S.D. Ohio 1993)(King, Magistrate Judge). The party asserting the privilege has the burden of proving each element of the claim. The claim of privilege must be made question-by-question and document-by-document. *United States v. Lawless,* 709 F.2d 485, 487 (7th Cir. 1983). A document that was created for a business purpose does not become a privileged document merely by showing it to an attorney. Mark Watkins submitted a declaration in which he states:

Contained within Mr. Miller's personnel file are three attorney-client communications. The first attorney-client communication is a May 16, 2000 letter from Judy and Gary Taylor summarizing their earlier conversation and providing instructions in regard to a matter in which Oldham & Oldham, Co., LPA was representing them. The second attorney-client communication is a December 28, 2000 email correspondence from Dr. Steven Tsengas to me relating to legal advice provided by Oldham & Oldham Co., LPA to Dr. Tsengas and OurPet's Company discussing legal strategies, and instructing Oldham & Oldham Co., LPA to perform certain legal services on behalf of Dr. Tsengas and OurPet's Company. The third attorney-client communication is a

2

> December 28, 2000 email correspondence from Dr. Tsengas to me adding an item that Dr. Tsengas omitted from the pervious email in regard to the legal services Dr. Tsengas instructed Oldham & Oldham Co., LPA to perform for Dr. Tsengas and OurPet's Company.

Doc. 68-2. Defendant has satisfied his burden of demonstrating that the client correspondence is privileged.

<u>Mark Watkins's February 20, 2001 statement to Oldham & Oldham</u>.  The February 20, 2001 memorandum was written by Watkins in response to OurPet's Company and Dr. Tsengas filing suit against Oldham & Oldham, Watkins, and Miller on January 18, 2001. The document references the filing of the lawsuit and actions being taken by Oldham & Oldham in response to it and other matters previously handled by Miller. Defendant maintains that Watkins prepared the memorandum during the course of and in response to the legal malpractice action and is protected from discovery by the work product doctrine.

The work product doctrine, as described in *Hickman v. Taylor*, 329 U.S. 495 (1947), was codified in Rule 26 of the Federal Rules of Civil Procedure. The work product doctrine consists of documents and tangible material which reflects an attorney's efforts at investigating and preparing a case, including one's pattern of investigation, assembling of information, determination of the relevant facts, preparation of legal theories, planning of strategy, and recording of mental impressions.  *In re Grand Jury Subpoena Dated Nov. 8, 1979*, 622 F.2d 933 (6th Cir. 1980).  The privilege creates a zone of privacy in which a party can investigate, prepare, and analyze a case.  *Id.*  The work

3

product of an attorney engaged in an investigation in anticipation of litigation can only be obtained upon a showing that the party seeking discovery has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3).  The Court must protect "against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *Id.* In order for the work product doctrine to apply, the materials in question must be (1) documents or other tangible things (2) prepared in anticipation of litigation or for trial (3) by or for a party or that party's representative. *Id..* "Although the doctrine extends to materials prepared before litigation actually commences, the scope of the protection is limited to that time in which a real and substantial possibility of litigation exists." *Guy v. United Healthcare Corp.,*  154 F.R.D. 172, 181 (S.D. Ohio,1993).

When a claim of work product protection is made, the initial burden is on the party seeking discovery to show that the material requested is relevant within the meaning of Rule 26(b)(1), Fed. R. Civ. P.  *Toledo Edison v. G A Technologies, Inc.,* 847 F.2d 335, 339 (6th Cir. 1988).  Once that showing is made, the burden shifts to the party asserting work product "to show that the material was 'prepared in anticipation of litigation or for trial' by or for that party or that party's representative, including that party's attorney. . . ."  *Id.*  The question is "whether, in light of the nature of the document and the factual situation in the particular case, the documents can fairly be said to have been prepared or obtained because of the prospect of litigation."  8 Wright,

4

Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2024 at n 10.  If the objecting party meets this burden, the requesting party then has the burden of showing that he

> (a) has substantial need of the materials in preparation of the party's case, and (b) that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

847 F.2d at 339-40.  Under no circumstances may the court "permit discovery of 'mental impressions of an attorney or other representative of the party concerning litigation.'" 847 F.2d at 340.  The objecting party has the burden of proving that the documents contain the mental impressions of his lawyer.  *Id.*

Defendants has demonstrated that the memorandum was prepared in anticipation of litigation; plaintiff, however, has failed to demonstrate that he has a substantial need for the document.

Plaintiff also seeks a statement of facts regarding why Craig Miller was dismissed from Oldham & Oldham. The part of the form that provides a space to explain the rationale for his dismissal was left blank.  Watkins maintains that Miller's personnel file did not contain a detailed explanation for his dismissal, and defendant is not obligated to create such a document. Plaintiff also seeks an unredacted copy of page 42 of Miller's personnel file. Defendant maintains page 42 was produced as it exists; the original page is also blank. Plaintiff also sought Oldham & Oldham's Westport insurance policy, but in his response to plaintiff's motion, defendant indicates that the insurance policy has already been provided to plaintiff.

5

For the reasons stated above, plaintiff Jack Lemkin's August 24, 2011 motion to compel or, in the alternative, review documents in camera (doc. 66) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel
United States Magistrate Judge